## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

NADIA MOFFETT,

     Plaintiff,

-vs-

    Case No.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and ONEMAIN
FINANCIAL,

     Defendant.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, NADIA MOFFETT, (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and ONEMAIN FINANCIAL (hereinafter "OneMain") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively the "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin.

Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Palm Beach County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     OneMain is a corporation with its principal place of business located at 601 N.W. Second Street, Evansville, Indiana 47708 that conducts business in the State of Florida.

20.     OneMain is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     OneMain furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff had a credit account with OneMain for a personal loan, account number ending in x1713 (hereinafter "OneMain Account").

23.     On or about March 17, 2022, Plaintiff made payment in the amount of $1,930.76 to the OneMain Account leaving a zero balance.

24.     Shortly thereafter, Plaintiff reviewed her credit reports and observed the OneMain Account was being reported with a status of "in collections/charge off" and an erroneous balance of $206.

25.     Over the next approximately twenty (20) months, Plaintiff submitted numerous disputes online, through the mail, and over the phone to the CRAs and

OneMain, most of which, other than those disputes detailed further in the paragraphs below went unanswered.

26.     Plaintiff then contacted OneMain to dispute the inaccurate reporting. Plaintiff explained in detail the error OneMain was committing to the agent. OneMain acknowledged their mistake yet continued to report the inaccurate information.

27.     On or about March 22, 2022, Plaintiff submitted an online dispute to Equifax regarding the erroneous reporting.

28.     On or about March 25, 2022, and March 31, 2022, Plaintiff received an email from Equifax advising that the investigation was completed, and dispute results were available. Upon review, Plaintiff observed the OneMain Account continued to report an inaccurate balance of $206 and the derogatory information.

29.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

30.     Equifax never attempted to contact Plaintiff during the alleged investigation.

31.     Upon information and belief, Equifax notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32.     On or about March 25, 2022, Plaintiff submitted an online dispute to Experian regarding the erroneous reporting.

33.     On or about March 30, 2022, Experian responded to Plaintiff's online dispute by stating the OneMain Account was verified and would remain on her credit report with a status of "Charge Off. $1930 written off. $1 past due as of March 2022" and a balance of $206.On or about April 8, 2022, Experian responded again to Plaintiff's online dispute by stating the OneMain Account was verified and the inaccurate information would remain on her credit report.

34.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

35.     Experian never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Experian notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37.     On or about May 23, 2022, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed that the OneMain Account continued to appear with a status of "Charge Off" with a balance of $206.

38.     On or about May 23, 2022, Plaintiff obtained a copy of her Trans Union credit report. Upon review, Plaintiff observed the OneMain Account was reported with a status of "In collections/charge off" and a balance of $206.

39.     On or about May 26, 2022, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed that the OneMain Account continued to appear with a status of "Charge Off" with a balance of $206.

40.     On or about July 7, 2022, Plaintiff sent a letter to Equifax, Experian, and Trans Union. In the letter, Plaintiff disputed the OneMain Account explaining that the account was paid in full as agreed and should have a zero balance. In the letter, Plaintiff included supporting documents including images of her proof of payment.

41.     On or about July 14, 2022, Experian responded to Plaintiff's dispute by stating the inaccurate OneMain Account information was verified as accurate.

42.      Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.  Experian ignored all the documents provided by Plaintiff which clearly demonstrated she did not owe any money to OneMain.

43.     Experian never attempted to contact Plaintiff during the alleged investigation.

44.     Upon information and belief, Experian notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.     On or about July 22, 2022, Plaintiff submitted an online dispute to Experian regarding the continued inaccurate reporting of the OneMain Account.

46.     On or about July 26, 2022, Experian responded to Plaintiff's online dispute by stating the inaccurate OneMain Account information was verified and would remain on her credit report.

47.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

48.     Experian never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Experian notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

50.     Plaintiff did not receive dispute results from Equifax in response to her July 7, 2022, dispute letter. However, upon review of her Equifax credit report on

July 26, 2022, Plaintiff observed the OneMain Account continued to appear with a comment which stated, "Consumer disputes – reinvestigation in progress".

51.     On or about August 8, 2022, having still not received dispute results from Equifax, Plaintiff obtained an updated copy of her Equifax credit report and observed that the OneMain Account continued to appear with a status of "Closed. Account paid for less than full balance. Paid charge off" and a balance of $0. The comment erroneously stated Plaintiff did not pay the full balance.  The negative reporting by OneMain significantly reduced Plaintiff's credit score.

52.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

53.     Equifax never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Equifax notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

55.     Plaintiff did not receive dispute results from Trans Union in response to her July 7, 2022, dispute letter. However, upon a later review of her Trans Union credit report, Plaintiff observed the OneMain Account continued to appear.

56.     Upon information and belief, Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.  Trans Union ignored the proof of payment in full sent by Plaintiff.  Trans Union refused to believe Plaintiff and simply believed the erroneous reporting by OneMain.

57.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

58.     Upon information and belief, Trans Union notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

59.     On or about August 3, 2022, Plaintiff received a letter from OneMain stating they received her dispute. In reviewing her claim to modify the account information appearing on her credit report they stated, "we must decline your request."  OneMain continued to report the derogatory information to all 3 CRAs.

60.     Despite the August 3, 2022, letter, the next day, August 4, 2022, Plaintiff received confirmation from OneMain that the OneMain Account was paid as agreed and closed. With this information, Plaintiff was under the impression that the reporting of the OneMain Account was corrected. OneMain was aware of its mistake, yet it failed to correct its reporting with the CRAs.

11

61.     On or about October 14, 2022, Plaintiff received confirmation from OneMain that the OneMain Account was paid in full as of March 2022 and had a zero balance. OneMain stated an update was submitted to the CRAs. With this information, Plaintiff was under the impression that the reporting of the OneMain Account was corrected. Yet, OneMain continued to report derogatory information to the CRAs.

62.     However, on or about September 15, 2023, Plaintiff obtained a copy of her Equifax credit report and observed that the OneMain Account continued to appear with a status of "Paid charge off" and a balance of $0.  The negative reporting continued to lower Plaintiff's credit score.

63.     On or about September 27, 2023, Plaintiff submitted online disputes to Equifax and Experian regarding the inaccurate reporting of the OneMain Account.

64.     On or about October 2, 2023, Experian responded to Plaintiff's online dispute by stating that the OneMain Account was verified as accurate and was reporting with a status of "Paid in settlement. $1,930 written off".

65.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

66.     Experian never attempted to contact Plaintiff during the alleged investigation.

67.     Upon information and belief, Experian notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

68.     On or about October 17, 2023, Equifax responded to Plaintiff's online dispute by stating the OneMain Account was verified as accurate.

69.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

70.     Equifax never attempted to contact Plaintiff during the alleged investigation.

71.     Upon information and belief, Equifax notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

72.     On or about October 18, 2023, Plaintiff reported the inaccurate reporting to the Consumer Financial Protection Bureau ("CFPB"), File ID 231018-12281851.

73.     In the CFPB report, Plaintiff detailed the fact that the OneMain Account was being reported with an erroneous status, and she requested an investigation into the inaccurate reporting.

13

74.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, Experian, and Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

75.     Upon information and belief, Equifax, Experian, and Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous and inaccurate past due payments on her credit report.

76.     Shortly thereafter, on or about October 18, 2023, Plaintiff again submitted online disputes to Equifax and Experian.

77.     On or about October 24, 2023, Equifax responded to Plaintiff's online dispute by stating that the OneMain Account information was verified as accurate.

78.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

79.     Equifax never attempted to contact Plaintiff during the alleged investigation.

80.     Upon information and belief, Equifax notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

81.     On or about October 26, 2023, Experian responded to Plaintiff's online dispute by stating that the OneMain Account information was verified as accurate.

14

82.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

83.    Experian never attempted to contact Plaintiff during the alleged investigation.

84.    Upon information and belief, Experian notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

85.    On or about October 24, 2023, Plaintiff submitted an online dispute to Trans Union regarding the continued erroneous reporting of the OneMain Account.

86.    Plaintiff did not receive dispute results from Trans Union. However, upon review of an updated credit report on November 1, 2023, Plaintiff observed the erroneous OneMain Account continued to appear with a status of "Payment after charge off/collection" with a balance of $0 and a comment which stated "Settled; less than full balance".

87.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

88.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

89.     Upon information and belief, Trans Union notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

90.     On or about October 26, 2023, Plaintiff submitted yet another online dispute to Experian regarding the erroneous reporting of the OneMain Account.

91.     On or about November 17, 2023, Plaintiff received dispute results from Experian which stated the OneMain Account was verified as accurate. However, on that same day, Plaintiff also received dispute results which stated that the OneMain Account was removed from her credit file.

92.     On or about November 20, 2023, Plaintiff obtained a copy of her Experian credit report. Much to her relief, Plaintiff observed that the OneMain Account had been removed and was no longer reported to her Experian credit file.

93.     On or about November 17, 2023, Plaintiff submitted a dispute letter to OneMain via facsimile. Plaintiff explained that the OneMain was paid in full and was paid as agreed and requested that OneMain correct the inaccurate reporting to the CRAs. In the letter, Plaintiff included copies of the August 4, 2022, letter and October 14, 2022, letter in which OneMain confirmed the OneMain Account was paid in full as agreed in March 2022.

94.     On or about November 22, 2023, OneMain responded to Plaintiff's dispute letter by stating it had determined it was reporting to the CRAs accurately and would continue to report negative information to the CRAs despite having previously stated in two separate letters that the OneMain Account was paid in full as agreed.

95.     On or about November 17, 2023, Plaintiff sent a dispute letter to Trans Union regarding the continued erroneous reporting of the OneMain Account. Plaintiff explained that the OneMain Account was paid in full and was paid as agreed. In the letter, Plaintiff included a copy of her driver's license as proof of her identity. Plaintiff also included images of supporting documents from OneMain which stated the OneMain Account was paid in full.  Plaintiff did not owe any money to OneMain nor was the account ever "charged off".

96.     Finally, on or about December 8, 2023, Plaintiff received dispute results from Trans Union credit report, and much to her relief, it stated the erroneous OneMain Account was deleted from her credit file.

97.     On or about November 18, 2023, Plaintiff submitted yet another online dispute to Equifax regarding the erroneous reporting of the OneMain Account.

98.     Plaintiff did not receive dispute results from Equifax. However, upon review of updated credit reports on November 21, 2023, and November 26, 2023, Plaintiff observed a comment which stated, "Consumer dispute-reinvestigation in

progress". On or about November 30, 2023, Plaintiff observed that the OneMain Account continued to appear with status of "Paid charge off" and balance of $0.

99.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

100.   Equifax never attempted to contact Plaintiff during the alleged investigation.

101.   Upon information and belief, Equifax notified OneMain of Plaintiff's dispute. However, OneMain failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

102.   On or about December 1, 2023, after almost two (2) months, OneMain responded to Plaintiff's CFPB Complaint stating that its investigation was complete, and OneMain was requesting the removal of the OneMain Account from Plaintiff's credit file.

103.   On or about January 5, 2024, Plaintiff obtained a copy of her Equifax credit report. Much to her relief, Plaintiff observed that the OneMain Account had been removed and was no longer reported to her Equifax credit file.

104.   As a result of the actions and/or inactions of Defendants, Plaintiff has suffered damage to her credit score.

105.   As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.   Loss of the ability to benefit from lower interest rates;

    v.   Denials of new credit;

    vi.   Apprehensiveness to apply for new credit due to the fear of rejection; and

    vii.   Defamation as Defendants published inaccurate information to third party entities.

### CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

107.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

112.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

113.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

117.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT III
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

118.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

119.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

120.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

121.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

123.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

125.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

126.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

127.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

131.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

135.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

137.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

138.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

139.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

143.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

28

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

144.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

145.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

146.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

147.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

148.    Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

149.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

150.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

151.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

152.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

153.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

154.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

155.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

31

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

156.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

157.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

158.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

159.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Trans Union LLC (Willful)

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

161.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

162.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

163.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

164.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

165.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

166.    Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

167.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

168.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

34

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

169.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

170.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

171.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XII
**Violation of 15 U.S.C. § 1681i as to
Defendant, Trans Union LLC (Willful)**

172.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

173.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

174.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

175.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

176.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

177.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, OneMain Financial (Negligent)

178.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

179.   OneMain furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

180.   After receiving Plaintiff's disputes, OneMain violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the OneMain Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

181.   Plaintiff provided all the relevant information and documents necessary for OneMain to have identified that the balance and status were inaccurate.

182.   OneMain knowingly chose to follow procedures which did not review, confirm, or verify the account was accurate.

183.   OneMain violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

184.   As a direct result of this conduct, action, and/or inaction of OneMain, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

185.   The conduct, action, and inaction of OneMain was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

186.   Plaintiff is entitled to recover costs and attorney's fees from OneMain in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual damages against Defendant, ONEMAIN FINANCIAL, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, OneMain Financial (Willful)

187.   Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred five (105) above as if fully stated herein.

188.   OneMain furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

189.   After receiving Plaintiff's disputes, OneMain violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the OneMain Account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

190.   Plaintiff provided all the relevant information and documents necessary for OneMain to have identified that the balance and status were inaccurate.

191.   OneMain knowingly chose to follow procedures which did not review, confirm, or verify the account was accurate.

192.   OneMain violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

193.   As a direct result of this conduct, action, and/or inaction of OneMain, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

194.   The conduct, action, and inaction of OneMain was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

195.   Plaintiff is entitled to recover costs and attorney's fees from OneMain in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ONEMAIN FINANCIAL, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NADIA MOFFETT, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and ONEMAIN FINANCIAL, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 8th day of February 2024.

Respectfully submitted,

*/s/Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*

41